## Potter *v.* Moscony, Appellant (No. 2).

*Landlord and tenant—Sheriff's sale of demised premises—Sheriff's deed—Acknowledgment—Affidavit of defense.*

In an action for rent an affidavit of defense is sufficient to prevent judgment, which avers that prior to the date when the rent for which suit was brought fell due, the demised premises were sold by the sheriff, and that a deed for the same was made by the sheriff to the purchaser at the sheriff's sale. In such a case it is not material that the affidavit did not declare in so many words that the sheriff acknowledged the deed and delivered it to the purchaser.

Argued Dec. 16, 1910. Appeal, No. 37, Oct. T., 1910, by defendant, from order of C. P. No. 5, Phila. Co., Sept. Term, 1909, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Edward W. Potter, agent, v. John P. Moscony. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Reversed.

Assumpsit for rent.

The material averments of the affidavit of defense are set forth in the opinion of the Superior Court.

The court made absolute rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was the order of the court.

*Joseph T. Taylor,* with him *Samuel A. Boyle,* for appellant.

*V. F. Gable,* for appellee.

OPINION BY HEAD, J., March 3, 1911:

The action in this case was founded on the same lease referred to in the previous case of Potter v. Moscony, ante, p. 116. The suit here was to recover later installments of rent, to wit: those falling due July 1, and August 1, 1909, respectively. In so far as the affidavit of defense sets up the same matters as the one considered in the former case we need add nothing to what we there said.

But the affidavit in the present case, as we view it, sufficiently avers one fact, which, if established, would overthrow the right of the present plaintiff to recover. It is averred that a proceeding was instituted in common pleas No. 2 of Philadelphia, as early as December Term, 1907, to foreclose a mortgage on the demised premises, and that these proceedings resulted in a sale by the sheriff of the said premises on the first Monday of May, 1908. We quite agree with the learned counsel for the appellee that a mere averment of a sheriff's sale without more would not be sufficient, because such sale might have been afterwards set aside, or might never have been consummated by the execution and delivery of a deed to the purchaser. But in this case the affidavit goes farther and declares that a deed for said premises was actually made by the sheriff to one Kalck, the purchaser, and that the latter, who thus acquired title from the sheriff, on June 7, 1909, entered into possession of the leased premises. It is contended that this averment is deficient because it does not declare in so many words that the sheriff duly acknowledged a deed and delivered it to the purchaser. This we regard as overrefining. If the language of the affidavit is good when it is certain to a common intent, or, in other words, when we interpret it according to the common speech of the people, we cannot well escape the conclusion that the defendant here has sufficiently alleged, not only the fact of a sheriff's sale, but the subsequent making and delivery of a deed to the purchaser thereat who thus acquired the title of the lessor as early as June 7,

1909. This would be before any of the rent sued for in this action had become due.

As it cannot be denied that the sheriff's sale, when consummated by the execution and delivery of a deed, destroyed the title of the former owner and vested in the sheriff's vendee his title with the incidental right to receive the rents issuing out of such property, we must conclude that the learned judge below fell into error in making absolute the rule for judgment for want of a sufficient affidavit of defense.

Judgment reversed and a procedendo awarded.